JUNE TERM
1835.

Relfe
v.
Jones.

**Relfe v. Jones.**

1. D. had a negro which J. wished to purchase—D. owed R. a sum of money, and it was agreed between D. and J. that J. should have the negro, if he would pay R. the sum D. owed him and procure R's receipt and discharge to D.—J. thereupon gave his bond to R. and R. gave the receipt to D.—the negro obtained his freedom. Held that the consideration of the bond to R. was the discharge of the debt due him by D.—and that R. was not affected by the slave obtaining his freedom.

ERROR to circuit court of county of Washington.

Opinion of the court delivered McGirk, J.

D. had a negro which J. wished to purchase—D. owed R. a sum of money, and it was agreed between D. and J. that J. should have the negro, if he would pay R. the sum D. owed him and procure R's receipt and discharge to D.—J. thereupon gave his bond to R. & R. gave the receipt to D.—The negro obtained his freedom—Held that the consideration of the bond to R. was the discharge of the debt due him by D.—and that R. was not affected by the slave obtaining his freedom.

Relfe brought an action of debt on a bond against Jones. Jones pleaded that the bond sued on was given by Jones to Relfe for and in consideration of a negro sold by Relfe to Jones as a slave, and that the said negro was at the time free. Jones secondly pleaded in substance the same matter as above, on both these pleas issues were taken to the country. The other four pleas are in substance that one James Duff was possessed of a negro which he pretended was a slave, and that said Duff sold the same negro to Jones as a slave, well knowing him to be free, and that the bond for $250 sued on was given to secure the payment of the said sum agreed to be given for said negro, the pleas aver the negro was free and that Duff knew it when he sold the same to him. To these pleas Relfe severally replied that before the sale of the said negro by Duff to Jones as mentioned in the pleas, Jones applied to him to buy the negro, that he informed Jones the negro did not belong to him, but was claimed by his father-in-law who lived in the State of Virginia, that he also informed Jones that the negro had some claim to freedom by reason of his residence in the state of Illinois, that the negro was a worthless fellow, and that he advised Jones to have nothing to do with him, that Jones then applied to said Duff to purchase the negro, agreeing to run all risks, and agreed to give Duff $250 for him, that Duff owed Relfe a considerable sum of money, and that Duff agreed with Relfe that if he, Relfe, would discharge him of $250 and give a receipt therefor, Jones should have the negro if he would pay Relfe that sum, and that Jones did agree to pay him that sum for and in consideration that he would discharge said Duff of that much, the replication then avers that Relfe gave a receipt to Duff for $250, and that Jones for that gave the bond sued on, took said negro, sold him for $500, and that he has since obtained his

freedom. To these replications there is a general demurrer. The circuit court for Washington county sustained the demurrer and gave judgment for the defendant Jones. The counsel for Jones insists that the consideration of this bond was the sale of a free negro, which is expressly forbidden by law under a penalty, and that the bond is void because the consideration is against law. The counsel for Relfe insist that the consideration of this bond as shown by the replication was that Relfe discharged Duff of the amount of the bond which Duff owed Relfe, and this is the thing for which Jones gave the bond and that the discharge of Duff is the consideration which Relfe gave for the bond, and as he had nothing to do with the sale of the negro to Jones, he is entitled to recover. To sustain this position the counsel cite Armstrong v. Toller 6 Con, R. 298. 4 Burrows 2069. Some of these authorities seem to bear somewhat on the point. The true principle we think is laid down by Chitty on contracts 214, where it is said the test whether a contract connected with an illegal transaction is capable of being enforced at law is, whether the plaintiff requires any aid from the illegal transaction to establish his case. We are of opinion the replications do show that Relfe obtained the bond sued on in lieu of the debt he discharged Duff from. It is said these replications are double it may be so, but that must be taken advantage of by special demurrer.

The judgment of the circuit court is reversed, the cause is remanded for the further action of the court below to dispose of the other pleas in bar &c.